GUARANTEE FOOD COMPANY *vs.* JAMES W. BURKE.

JUNE 7, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Depositions. Time. Notice.*

Where the trial court found that notice of the taking of a deposition had been given to the other side under the provisions of Gen. Laws, 1909, cap. 292,

§ 26, within such reasonable time as would have permitted the adverse party to be present in person or by attorney, his determination will not be disturbed unless it is made to appear clearly that it is unwarranted.

ASSUMPSIT.   Heard on exceptions of defendant and overruled.

SWEETLAND, C. J.   This is an action of the case in assumpsit to recover on three promissory notes payable to the order of the plaintiff, alleged to have been made and delivered by the defendant to the plaintiff, J. P. S. Strickler, doing business as the Guarantee Food Co.

The case was tried before a justice of the Superior Court sitting with a jury.   At the conclusion of the evidence, on motion of the plaintiff, the court directed the jury to return a verdict for the plaintiff for $505, being the balance due on said notes with interest.   Defendant filed a motion for new trial which was denied by said justice.   The case is before us upon the defendant's exception to the decision of the justice upon the motion for new trial and upon the defendant's exceptions to the action of said justice in permitting the plaintiff's deposition to be read to the jury, in refusing to direct a verdict for the defendant and in directing a verdict for the plaintiff.   At the hearing before us the defendant waived all other exceptions taken by him at the trial.

The defendant clearly takes nothing by his exception to the decision upon the motion for new trial.   The only grounds for new trial stated in the motion are alleged errors of law in rulings of said justice made at the trial.   Under the statute a new trial after verdict may not be granted by a justice of the Superior Court for "errors of law occurring at the trial."   Erroneous rulings, made in the course of a trial before jury, if exceptions be taken thereto, may be reviewed by this court upon a bill of exceptions.   Chapter 298, General Laws, 1909.

The defendant's claims of error in the action of said justice in permitting the deposition of the plaintiff to be

presented to the jury, in denying the defendant's motion for direction of a verdict and in granting plaintiff's motion for direction of verdict, are all based upon his contention that (1) said deposition was not admissible because notice of its taking was not given to him in accordance with the provisions of the statute. The deposition was taken under the authority of an order duly entered by the Superior Court before a notary public of the State of Pennsylvania at Lewisburg in that state. The statutory provision with regard to notice, which the defendant claims was not complied with, is contained in Section 26, Chapter 292, General Laws, 1909, and is as follows: "And in every such case under the second methods, the party causing such depositions to be taken shall notify the adverse party, or his attorney of record, of the time and place appointed for taking the same; and such notification issued by the official before whom such deposition is to be taken shall be served, in the manner hereinbefore provided, such reasonable time before the taking of such deposition as will give the adverse party a full opportunity to be present in person or by attorney and put interrogatories to the deponent, if he think fit." The time and place appointed by the notary for taking the deposition was April 8, 1918, at ten o'clock a. m., at the notary's office in Lewisburg. Notice of the taking was served upon the attorney of record of the defendant at Westerly, in this State, on April 5, 1918, at 2:15 p. m. The objection of the defendant is that said notice was not served such reasonable time before the taking as to have given the defendant a full opportunity to be present in person or by attorney and to have put interrogatories to the defendant if he had thought fit. Whatever may be said of the defendant's objection that the notice was insufficient, an examination of the deposition discloses that the defendant has not been prejudiced by its introduction, for it contains nothing which is not admitted by the defendant in his own testimony. We think, however, that for other reason this exception of the defendant should be overruled. It appears that there is

direct railroad connection between Westerly and Philadelphia and direct railroad connection between Philadelphia and Lewisburg over two lines of railroad. The justice presiding at the trial found that Lewisburg could be reached from Westerly in about ten hours and held that in the circumstances said notice was served a reasonable time before the taking of the deposition. This determination of the justice will not be disturbed by us unless it is made to appear clearly that it is unwarranted. This the defendant has failed to do.

The defendant admitted the making and delivery of the notes in suit. There is no evidence of lack of consideration or of payment, beyond the amount for which credit was given. There was no issue which should have been submitted to the jury and said justice properly directed a verdict for the plaintiff for the amount of the notes with interest.

The defendant's exceptions are all overruled. The case is remitted to the Superior Court with direction to enter judgment on the verdict.

*John J. Dunn*, for plaintiff.

*Augustine T. L. Ledwidge*, for defendant.