293 A.2d 913.

STATE *vs.* LEO J. DESROCHES.

AUGUST 10, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

498

PAOLINO, J. In July, 1964 the defendant was arrested on a charge of assault and battery. After he was found guilty in the District Court he appealed to the Superior Court where he was arraigned on October 14, 1964. After many continuances and hearings on various motions filed by the defendant a trial de novo began before a justice of the Superior Court sitting with a jury. The jury found him guilty. His motion for a new trial having been denied, defendant filed a bill of exceptions to this court. The state furnished a transcript of the trial at no cost to the defendant.

When the case first came before this court in 1970 defendant appeared without counsel to argue his appeal. Although his bill of exceptions contained 40 exceptions, he had briefed only one. Under our rule the remaining exceptions, having been neither briefed nor argued, would ordinarily be deemed to be waived. *State* v. *Wright*, 105 R. I. 556, 253 A.2d 593 (1969). However because we felt that defendant might need assistance of counsel we appointed George F. McDonald, a member of the Rhode Island bar to assist him by briefing any further points which he believed worthy of this court's consideration. Mr. McDonald, in compliance with our directions, has filed the briefs which are presently before us.

On May 4, 1972, when the case was ready for oral argu-

ments, defendant filed a motion entitled "Motion To Dismiss Court Appointed Counsel Because Of Ineffective Assistance And For Court To Appoint Effective Counsel." He based this motion on the following grounds, namely, (1) that Mr. McDonald had not briefed all of his exceptions, but had waived some of them; (2) that, even though the transcripts of the proceedings were not complete because of the failure of the court stenographer to take down the arguments of counsel, thereby violating defendant's constitutional right to an effective review by this court, counsel did not raise this point; and (3) that counsel did not brief defendant's exception to the denial of his motion to quash for failure of the District Court to appoint counsel as requested by him. The defendant requests this court to appoint new counsel and to continue this hearing until such counsel is appointed.

We reserved decision on this motion and proceeded to a hearing on the merits.

We consider initially defendant's motion to dismiss court appointed counsel. His first argument is that counsel's failure to brief all of defendant's exceptions violated his constitutional right to effective assistance of counsel and to a meaningful review. At our request appointed counsel has furnished us with a supplemental brief explaining why he decided to waive the exceptions in question. In that brief he has discussed and considered all of defendant's exceptions and given us the benefit of his conclusions with respect to each of the exceptions.

We have given careful consideration to all of defendant's arguments but cannot agree with any of them. In order to satisfy ourselves that defendant has received effective assistance of counsel in the preparation of this appeal we have examined each of the exceptions listed by him in his bill of exceptions and have also examined the pertinent portions of the recorded testimony. The exceptions are

numerous and the transcripts voluminous. We are completely satisfied that appointed counsel has rendered effective assistance to defendant in the preparation of the briefs and that he has satisfactorily explained his decision to brief only seven of defendant's exceptions. Unlike the situation in *Anders* v. *California,* 386 U. S. 738, 742, 87 S.Ct. 1396, 1399, 18 L.Ed.2d 493, 497 (1967), where appointed counsel said he would not file a brief on appeal because he was of the opinion that there was no merit to the appeal, appointed counsel in the case at bar has filed a brief and given us the benefit of his study, analysis and conclusions with respect to each of defendant's exceptions. We are convinced that appointed counsel acted in the role of an advocate in behalf of defendant, *Anders* v. *California, supra; Ellis* v. *United States,* 356 U. S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958).

Our own examination of the record satisfies us that no constitutional or other rights of defendant have been violated by the conduct of court appointed counsel. As previously stated we have examined and considered each of defendant's exceptions and as a result of such examination find no basis for concluding that any of them, considered separately or together, constituted reversible error. It will serve no useful purpose to discuss each of them except to state that we found some of defendant's exceptions simply frivolous and not worthy of detailed discussion and others so lacking in merit that they require no further discussion. For the foregoing reasons we conclude that appointed counsel's handling of defendant's appeal meets the test so succinctly set forth in *Anders* v. *California, supra,* and therefore deny defendant's motion to dismiss court appointed counsel and to appoint new counsel.

With regard to the question of effective counsel, no citation of authority is needed to support the principle that under our state and federal constitutions, an indigent defend-

ant is entitled to effective assistance of counsel and to a fair trial. As the court said in *State* v. *Kendall,* 167 N.W.2d 909, 910 (Iowa 1969):

> " 'Effective' does not mean successful. It means conscientious, meaningful representation wherein the accused is advised of his rights and honest, learned and able counsel is given a reasonable opportunity to perform the task assigned to him."

The burden of proving that appointed counsel rendered ineffective assistance was on defendant. *State* v. *Kendall, supra,* at 911. The defendant has not sustained such burden.

The defendant next argues that counsel's failure to raise any question about the failure of the court stenographer to record the arguments of counsel constitutes ineffective assistance of counsel because the absence of such record violated his right to an effective review by this court. The defendant points to no request for such a transcript nor to any ruling denying such a request. In such circumstances there is no merit to defendant's position. Arguments of counsel are not evidence and not part of the record.

The defendant's third argument is that counsel's failure to brief his exception to the denial of his motion to quash because of the District Court's failure to appoint counsel as requested constitutes ineffective assistance of counsel. We have no record of what transpired in the District Court because we have no transcript of the District Court proceedings. On the basis of the record before us this question is not properly before us and therefore requires no further discussion.

Before discussing the merits of defendant's appeal it may be well to point out that this case has had a long history in this court as well as in the Superior Court. The appeal has been pending here since January 9, 1967. Our records indicate the following activity in this court. On December 2,

1969, defendant appeared before this court and requested a continuance to June, 1970 because he needed time to earn money to retain a lawyer. We passed the case, assigned it to the first Monday in April 1970, and told defendant that he had until February 1, 1970, to notify us of his counsel. On February 2, 1970, defendant informed the court that he did not have counsel and we gave him one month to retain a lawyer. On March 2, 1970, defendant requested appointment of counsel. On March 20, 1970, in accordance with his request, we appointed counsel to represent defendant in the further prosecution of his bill of exceptions. On May 5, 1970, we granted defendant's motion to pass the case and reassigned the same to the October 1970 argument list. Counsel appointed by us on March 20, 1970, requested permission to withdraw as defendant's counsel for personal reasons. We granted such permission and on October 14, 1970, appointed Mr. McDonald. Now we are confronted with defendant's present motion which we deny for the reasons already stated. We next consider the merits of defendant's appeal.

I

The defendant's first contention is that he was denied the right to assistance of counsel in violation of his federal and state constitutional protections and that he was incapable of adequately defending himself. No one denies that indigent defendants have a constitutional right to counsel in cases involving felonies, *Gideon* v. *Wainwright*, 372 U. S. 335, 83 S. Ct. 792, 9 L.Ed. 2d 799 (1963), and in this state, indigent defendants have a right to counsel in cases involving all crime punishable by a sentence of six months or more.[1] *State* v. *Holliday*, 109 R. I. 93, 280 A.2d 333 (1971).

---

[1] See *Argersinger* v. *Hamlin*, 407 U. S. 25, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530, 538 (1972), where the Supreme Court of the United States said "* * * absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor or felony, unless he was represented by counsel at his trial."

The question in this case, however, is whether, by his conduct and actions, defendant voluntarily and knowingly waived such right. We believe that he did.

The defendant appeared before four different judges on pre-trial hearings between October 14, 1964 and January 26, 1966, when he finally went to trial before another justice of that court and a jury. At the first of such hearings, on October 14, 1964, the trial justice offered defendant the services of the public defender. The defendant told the trial justice that he did not want the public defender to represent him that day or any other day.

The case was again scheduled for trial in April, 1965 before another justice of the Superior Court. The defendant this time appeared with counsel. After some discussion among the trial justice, defendant, and his counsel as to whether this counsel would represent defendant, counsel represented to the court that he would. The defendant again appeared for trial before this same justice on June 22, 1965. Counsel requested permission to withdraw from the case for the reason that defendant failed to cooperate with him in the preparation of his defense and for the further reason that defendant did not want him as counsel. In fact the transcript shows that defendant asked the trial justice to let counsel withdraw. His request was granted and the trial justice then continued the case to a day certain with directions that defendant appear with counsel or the public defender and be prepared for trial.

On June 30, 1965, defendant again appeared before the same justice. Notwithstanding the admonition at the prior hearing that he be prepared for trial, defendant told the court that he was not prepared because he had not had time to acquaint himself with the facts of the case. After some further colloquy the trial justice, in compliance with defendant's request, assigned the case to the public defender

and, at the latter's request, continued the case for trial to the October term of the Superior Court at Kingston.

On October 18, 1965, the case was reached for trial in the Superior Court in Washington County before still another justice of that court. The public defender moved for a change of venue and he also said that defendant had requested him to make known to the court that he would want to have a poll of the jury, a voir dire, and that defendant had filed two motions on his own that morning with which he, the public defender, was not familiar. One was for a change of venue. The other was to vacate the trial date because of the unavailability of a witness. The trial justice found that the witness in question was available and therefore denied the motion to vacate. The defendant then addressed himself to another motion which he had filed asking the court to allow him to dismiss the public defender. He said he did not want the public defender and he would represent himself. The trial justice granted his motion to dismiss the public defender and his motion for a change of venue to Providence County.

Further proceedings were had before a justice of the Superior Court on November 19, 1965 and January 25 and 26, 1966. The defendant appeared without counsel on November 19, 1965, and when the case was called he said he was not ready. The trial justice continued the case for trial to January 25, 1966 and informed defendant to make a prompt application for the services of the public defender if he wished the latter to represent him. When the case was called again before the same trial justice on January 25, 1966, the defendant moved that the trial justice disqualify himself. After listening to defendant's reasons for such motion, the trial justice granted his motion and disqualified himself. The case was assigned for trial to the following day before a fifth justice of the Superior Court, who then heard the case with a jury. The trial lasted three days and resulted in a verdict of guilty.

We have, with great care, considered defendant's claim that he was denied his constitutional right to assistance of counsel and, in so doing, we have examined the pertinent portions of all the transcripts in these proceedings. We find no violation of either his state or federal rights to effective assistance of counsel. As we said only recently in *State* v. *Monteiro*, 108 R. I. 569, 575, 277 A.2d 739, 742 (1971):

> "A person charged with a crime is entitled under the sixth amendment to the assistance of counsel for his defense. (cite omitted) Where such a person is able to obtain counsel, he must be given a reasonable time and a fair opportunity to secure counsel of his own choice. (cites omitted) However, an accused's right to select his own counsel cannot be manipulated to thwart the orderly process of the due administration of justice, and be used as a tactic to delay trials. (cites omitted) Thus, in order to work a delay by a last minute discharge of counsel, there must exist exceptional circumstances, (cite omitted) and a motion for such a continuance is addressed to the sound discretion of the trial justice. (cite omitted)."

The record shows beyond any doubt that defendant was given every opportunity to engage private counsel if he could afford one and, because of his financial inability to hire private counsel, he was at all times afforded the services of the public defender. For reasons of his own, he refused the services of the public defender. The constitutional obligation to furnish counsel to an indigent defendant is discharged by the assignment of a public defender, unless the record shows that he is not effectively representing the accused. *People* v. *Miller*, 12 Cal. App.3d 922, 91 Cal. Rptr. 97 (1970). There is no showing in this case that the public defender was not adequately representing defendant. The record also shows by an abundance of evidence that defendant knew his rights, understood the nature of the offense with which he was charged, and represented him-

self adequately during the entire proceedings. He succeeded in getting a change of venue and he also persuaded one of the trial justices to disqualify himself. After carefully examining the entire record of these proceedings we are convinced that by his actions and conduct defendant has willingly and knowingly waived his right to counsel. *See also Moore* v. *Michigan,* 355 U. S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957). This he had a right to do, but he does not have the right to interfere with the constitutional duty of courts to function under law and to try persons charged with crime. *People* v. *Miller, supra.*

The defendant's numerous requests for continuances were addressed to the sound discretion of the trial justice. *State* v. *Monteiro, supra.* On this record defendant has failed to persuade us that there has been an abuse of discretion in denying his motions for continuances.

We have also examined and considered defendant's exception 7 to the denial of his motion to present evidence that the prosecutor "was walking along with the jurors with the card in his hand." The defendant attempted to show that the prosecutor talked to the jurors and showed them a card. The record does not support defendant's claim which, in our judgment, is so lacking in merit as to require no further consideration.

As we have previously stated out of an abundance of caution for the rights of the defendant we have examined all of the defendant's exceptions, even though we are not obliged to do so under our cases because of lack of briefing in accordance with our rules. We have found them all lacking in merit, including his exception to the denial of his motion for a new trial. With respect to his motion for a new trial, the decision of the trial justice shows that he performed his duty in passing on the weight of the evidence and the credibility of witnesses. The verdict of the jury is supported by competent evidence as is the decision of the

trial justice denying the motion for a new trial. There is nothing before us which shows that he misconceived or overlooked material evidence. In the circumstances we will not disturb his approval of the jury's verdict.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for further proceedings.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for plaintiff.

*George F. McDonald,* for defendant.