329 A.2d 398.

### STATE *vs.* LOUIS AMBROSINO.

DECEMBER 10, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This is a criminal complaint, charging the defendant, Louis Ambrosino, with assault and battery. The matter was tried to a justice of the Superior Court sitting with a jury on January 19, 1961, and the defendant was found guilty. The defendant's subsequent motion for a new trial was denied, and he is now prosecuting a bill of exceptions in this court.

It appears from the evidence that on November 18, 1959, defendant engaged in a scuffle with Arthur Votolato, Sr., a member of the Rhode Island Bar, on Dyer Street in the city of Providence. According to the testimony, defendant had called Votolato a thief and struck him with his fists, knocking him to the ground. The defendant, on the other hand, denied that he had struck Votolato and asserted that Votolato had repeatedly struck him on the chest and stomach.

The defendant contends, first, that the trial justice erred in denying his motion for a new trial on the ground that the jury did not complete its deliberations and reach a verdict in the secrecy of the jury room. The record discloses that after the jury had retired, it was brought back to the courtroom to permit it to address two questions to the trial justice. After the questions had been answered, the court informed the jury that it could return to the jury room for further deliberations. Apparently, some representation was made that the jury had already reached a verdict, as is indicated by the trial justice's question: "You don't have to return? Very well."

The clerk then proceeded to inquire of the jury's foreman if the jurors had agreed upon a verdict, which inquiry was answered in the affirmative. Upon further inquiry as to whether the verdict was guilty or not guilty, the foreman of the jury answered, "Guilty." At that point, as the trial justice states in his decision denying the motion for a new trial, defendant made no request to poll the jury, nor was there any dissenting voice heard from the jury, nor did defendant or his counsel object in any manner to the return of the verdict. The trial justice then proceeded to excuse the jury. The statements of the trial justice in the decision are corroborated by the record.

The thrust of defendant's argument is that, the jury being in the custody of the court, it was the obligation of

the trial justice acting on his own initiative to order the jury to return to the jury room to complete its deliberations and to reach a verdict. It is clear from this argument that the issues defendant was raising on his motion for a new trial involved an error or errors of law occurring during the trial. However, under our statute[1] a new trial after verdict may not be granted by a justice of the Superior Court for errors of law occurring at the trial. *Guarantee Food Co.* v. *Burke,* 43 R. I. 535, 113 A. 789 (1921); *State* v. *Papa,* 32 R. I. 453, 80 A. 12 (1911).

However, errors of law occurring during trial will be reviewed by this court when brought before it by an exception on the record. In the peculiar circumstances here, it was incumbent upon defendant to request the court to rule upon the propriety of the action of the jury in returning the verdict in the manner that it did. If such ruling were adverse, defendant could then bring it before this court by way of an exception. It is only in this manner that a legal objection to a ruling relating to a specific issue may be brought here for review by this court. Nothing in the record discloses that defendant sought a ruling or in any manner took an exception to such a ruling. Absent such an exception taken from a specific ruling, there is nothing for us to review. *State* v. *Quattrocchi,* 103 R. I. 115, 235 A.2d 99 (1967); *State* v. *Ruggiero,* 93 R. I. 241, 174 A.2d 555 (1961); *see Manekofsky* v. *Baker,* 92 R. I. 377, 169 A.2d 376 (1961).

The defendant also contends that the trial justice erred in failing to accept and act on an affidavit of a juror, who

---

[1]The statute in effect at the time under consideration here, G. L. 1956, §9-23-1, specifically provided for the granting of a new trial by the Superior Court "* * * for any reason for which a new trial is usually granted at common law, other than error of law occurring at the trial." Said §9-23-1 was repealed by P. L. 1972, ch. 169, sec. 9, and the area is now covered by Super. R. Civ. P. 59 and Super. R. Crim. P 33.

stated therein: "* * * the verdict of Guilty was not my vote." This affidavit, dated February 1, 1962, was presented to the trial justice at the hearing on defendant's motion for a new trial on February 2, 1962. Although the affidavit is included with the papers of the case, it is conceded by defendant that the court refused to consider it and ordered it placed in the file for the benefit of this court.

Again, the record discloses that there is no exception before us challenging any ruling made by the trial justice concerning the affidavit. The defendant should then have taken an exception on the record and opened the way for a review of the trial justice's action in this court. Nothing in the record discloses that any appropriate action was taken, and no exception was reserved for review in this court. Therefore, there is nothing before us to review here. *State* v. *Quattrocchi, supra.*

The defendant further contends that his sixth amendment right to the assistance of counsel was violated by the trial court. One of his sixth amendment arguments arises from his belief that at the time the decision on his motion for a new trial was handed down he was without the assistance of counsel. The record discloses that he was represented during the trial by counsel, who filed a motion for a new trial and argued that motion on February 2, 1962. Thereafter, at some unspecified time trial counsel died, but on October 24, 1963, on defendant's motion, the trial justice designated the Public Defender to serve as his counsel. The defendant, in pressing this contention, concedes that he reserved no exception to any ruling of the court relating to his right to the assistance of counsel. However, he argues correctly that this court in *State* v. *Quattrocchi, supra,* indicated that the procedural rule laid down in *Quattrocchi* concerning the necessity for the reservation of of an exception to a specific ruling in order to obtain a review thereof in this court would not be enforced if it would

serve to deprive a defendant of a constitutionally protected right.[2]

At this point it becomes important to note that the relaxation of the procedural requirement suggested in *Quattrocchi* should be given a narrow application. The exception applies only where a defendant failed to reserve an exception to some specific challenged ruling of the court. In other words, this court will review a specific ruling or decision of the trial court which the defendant claims infringed upon his constitutional rights even though he failed to make such a ruling eligible for review here by reserving a formal exception thereto. Obviously, defendant misconceives the purpose and intent of the relaxation of the procedural rule stated in *Quattrocchi*. It appears that he believes that the mere assertion on his part that his constitutional rights had been violated, without the specification of a particular ruling or decision by which such a violation was worked, requires this court to conjure up some specific action or ruling on the part of the trial court for the purposes of review although no such ruling appears in the record. We are not so required,

---

[2]It is important to note that this case is being considered under the criminal practice statutes which were in effect at the time of the trial on the motion. G. L. 1956, §§9-24-13 to 9-24-15. Those statutes require that formal exceptions be taken to judicial rulings or decisions in order to preserve a right to review such rulings or decisions on appeal. The current Rules of Criminal Procedure of the Rhode Island Superior Court, effective September 1, 1972, modify the prior approach in that now formal exceptions are no longer a prerequisite to a review of alleged erroneous rulings on appeal. However, Super. R. Crim. P. 51 specifically requires that "* * * a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor if requested * * *." In short, despite the relaxing of the requirement for formal exceptions as a prerequisite to obtaining a review, the record must disclose that the party made known to the court the action he desired the court to take and his objection to the action taken.

it being impossible for the court to review a ruling or decision of which no record exists.

Examination of the record in the light most favorable to defendant discloses at most that he may have been without representation by specific counsel from the unspecified time of the death of his trial counsel until the court assigned the Public Defender to provide such representation on October 24, 1963. At that time the Public Defender was assigned by the court on defendant's motion therefor. It is significant that the record fails to disclose that during the intervening period any action or ruling on the part of the trial court had in any manner a violative effect upon the constitutional right of defendant to representation. Obviously, in these circumstances, the exception to the procedural rule suggested in *Quattrocchi* avails this defendant nothing. While some determination of the deprivation of the right to the assistance of counsel might be achieved in proceedings under the postconviction relief act, the absence of any ruling adversely affecting the constitutional rights of defendant leaves this court with nothing to review.

The defendant contends also that he was deprived of his constitutional right to the assistance of counsel by reason of the ineffectiveness of his counsel during the course of the trial. In support of this argument, defendant directs our attention to the fact that counsel did not object and take exception to the trial justice's referring to the complaining witness as "Judge," that he failed to object to a portion of the judge's charge, and that he did not request a poll of the jury at the time it returned its verdict. The latter contention merits our consideration.

In *State v. Desroches*, 110 R. I. 497, 293 A.2d 913 (1972), we held that an indigent defendant is entitled to effective assistance of counsel and to a fair trial. There this court referred to some language used in *State v.*

*Kendall,* 167 N.W.2d 909, 910 (Iowa 1969). The Iowa court made clear its opinion that effective representation does not necessarily mean a successful culmination of the trial. The constitutional mandate, the court indicated, requires conscientious and meaningful representation wherein the accused is advised of his rights and a learned and able counsel is given a reasonable opportunity to perform the task assigned to him. The burden of proving that counsel failed to render effective service is on the defendant, *State* v. *Desroches, supra,* and, in our opinion, defendant has failed to sustain that burden.

If, as the defendant argues, the jury had conducted at least a portion of its deliberations in open court and if it were true that at the announcement of the verdict some of the jurors so conducted themselves as to suggest their nonconcurrence therein, a failure on the part of counsel to have moved for a poll of the jury might well have constituted a demonstration of incompetence or indifference. However, a close scrutiny of the record discloses nothing that is sufficient to support the defendant's contention that the jury did engage in deliberations in the courtroom or that any of the jurors indicated nonconcurrence with the verdict. In such circumstances we are compelled to conclude that the defendant has failed to sustain the burden of proof on this issue.

All of the exceptions of the defendant are overruled, the verdict appealed from is sustained, and the cause is remanded to the Superior Court for further proceedings.

Motion for leave to reargue and correct the record is denied.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for plaintiff.

*Judith Hodge Porteus,* Boston, Mass., for defendant.