Raymond W. DELAHUNT

v.

STATE.

No. 81–100–C.A.

Supreme Court of Rhode Island.

Jan. 19, 1982.

Mann & Roney, Robert B. Mann, Providence, for Raymond W. Delahunt.

Dennis J. Roberts, II, Atty. Gen., Charles M. Nystedt, Sp. Asst. Atty. Gen., for State.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal from a judgment denying postconviction relief sought on the basis of the defendant's claim that he was denied effective assistance of counsel in violation of his Sixth Amendment constitutional right to counsel and his Fourteenth Amendment right to due process.

On June 4, 1976, a Superior Court jury convicted defendant Raymond W. Delahunt, of assault with intent to rob. He received a ten-year sentence, to be served at the Adult Correctional Institutions. Such sentence was to run consecutively with a three-year term Delahunt was serving for another crime. The Rhode Island Supreme Court denied defendant's appeal in *State v. Delahunt*, R.I., 401 A.2d 1261 (1979). Thereafter, defendant filed an application for postconviction relief in Superior Court, alleging ineffective assistance of counsel and several other errors.[1]

On the afternoon of February 1, 1975, a man approached Mary Sherlock (the victim) as she was getting into her car, which was parked at the lot of her employer, the Rhode Island Hospital. The man indicated that he had a gun and stated that he wanted the car in order to leave the state. He put the gun in Sherlock's back and ordered her to get into the car and to give him the keys, which she did. Several minutes elapsed

---

1. Delahunt had previously filed a postconviction application which was dismissed without prejudice because his direct appeal was pending.

while the assailant unsuccessfully attempted to start the car. During this time, Sherlock saw a small black handgun protruding from his left hand. While the assailant was thus preoccupied, the victim glanced at the hospital and saw people exiting toward her. The victim then escaped to the hospital and moments later her assailant also fled. Sherlock immediately called the police and gave them a detailed description of her accoster, including eye color. Approximately ten minutes later, the police took Sherlock in a cruiser to a location near the hospital to view a suspect. At this show-up, Sherlock identified the suspect Raymond Delahunt as her assailant. Later that evening, she identified Delahunt at a police-station lineup.

Paul Gurghigian also identified Delahunt at the police-station lineup. At trial, Gurghigian testified that while he was a customer in a hobby store on the same afternoon as the parking-lot incident, a man whom Gurghigian identified as Delahunt entered the store and asked to see a starter's pistol. When the clerk handed Delahunt the gun, Delahunt ran from the store and headed in the general direction of Rhode Island Hospital.

At trial, the state introduced Gurghigian's and Sherlock's in-court identifications of Delahunt and Sherlock's other eyewitness identifications of defendant made shortly after the crime. The prosecutor did not introduce at trial Gurghigian's lineup identification of defendant.

On appeal from denial of his postconviction application, defendant raises the following issues: (1) that he was denied effective assistance of counsel; (2) that he was denied the right to counsel; (3) that the preindictment lineup procedures were unconstitutional and (4) that the totality of errors denied him due process of law.

I

The basis of defendant's first claim is that his appointed counsel's inadequate pre-

trial preparation denied him effective assistance of counsel. The defendant asserts that counsel failed to obtain the grand-jury minutes to impeach the victim at trial, failed to investigate properly, failed to maintain frequent contact with defendant, failed to interview any witnesses and failed to file for discovery.[2]

At the postconviction hearing, the trial justice found that defendant did not prove that he was denied "reasonably effective assistance of counsel." See State v. Turley, 113 R.I. 104, 318 A.2d 455 (1974). We agree. The findings of a justice at a postconviction hearing will not be disturbed on appeal unless he was clearly wrong or misconceived material evidence. State v. Dufresne, R.I., 436 A.2d 720 (1981); State v. Duggan, R.I., 414 A.2d 788 (1980). After a review of the record, we conclude that the postconviction justice made no clearly erroneous findings.

We have previously enunciated a standard for determining effective assistance of counsel. In State v. Desroches, 110 R.I. 497, 293 A.2d 913 (1972), we noted that the State and Federal Constitutions entitle an indigent defendant to effective assistance of counsel and a fair trial. See State v. Ambrosino, 114 R.I. 99, 329 A.2d 398 (1974). Our standard focuses on the record to determine whether the defense counsel failed to render "reasonably effective assistance." See State v. Turley, 113 R.I. at 109, 318 A.2d at 458. Furthermore, the defendant has the burden of proving this allegation. See id.; State v. Desroches, 110 R.I. at 501, 293 A.2d at 916.

In the instant case, defendant contends that defense counsel erred in failing to obtain the grand-jury minutes to impeach the victim's credibility at trial. Delahunt claims that substantial differences existed between Sherlock's grand-jury testimony and her testimony at the suppression hearing and at trial, which discrepancies would have cast doubt on the

---

**2.** Rule 16 of the Superior Court Rules of Criminal Procedure allows a defendant to file a written request with the state for certain informa-

tion in state custody pertinent to the defendant's case.

reliability of her eyewitness identification of defendant. A review of the record, however, convinces us that there were no significant inconsistencies between the victim's testimony before the grand jury and that given at the subsequent proceedings.[3]

Because the record does not reveal that the grand-jury minutes would have been useful for impeachment purposes, defendant has not proven that counsel's failure to obtain the minutes constituted ineffective assistance. *See Indiviglio v. United States,* 612 F.2d 624 (2d Cir. 1979), *cert. denied,* 445 U.S. 933, 100 S.Ct. 1326, 63 L.Ed.2d 768 (1980); *United States v. Harris,* 558 F.2d ·366 (7th Cir. 1977); *Neville v. United States,* 462 F.Supp. 614 (E.D.Mo.1978).

■ The defendant's claim that defense counsel failed to investigate properly is also without merit. Delahunt asserts that counsel erred in neither visiting the scene of the crime nor interviewing any witnesses prior to trial; specifically, defendant's alibi witnesses, the victim and the individuals present in the hobby store from which Delahunt allegedly stole the starter's gun.

■ Delahunt has not demonstrated, however, how counsel's failure to so investigate affected his ability to defend Delahunt properly at trial. The record discloses that defendant never notified defense counsel of any alibi witnesses. Counsel can hardly be expected to interview alibi witnesses of whom he was unaware. The record furthermore indicates that counsel cross-examined each prosecution witness vigorously and thoroughly at trial. Although the record shows that defense counsel was unaware of the hobby-store incident until trial, defendant has not demonstrated that counsel would have prepared another defense if he had interviewed the persons present in the hobby store prior to trial. The trial transcript indicates that defense

counsel strenuously objected to the introduction of testimony concerning the hobby-store theft.

As to Delahunt's other contentions, we fail to see how any additional client contact or how filing for discovery by defense counsel would have added anything of substance to the defense. The record indicates that counsel met with defendant three times prior to trial. In one of these meetings, counsel discussed the merits of the case with Delahunt. The defendant, therefore, has not shown that he was not "advised of his rights" by counsel. *See State v. Desroches, supra.* In addition, the record discloses that counsel filed a motion for a bill of particulars to which the state responded, and he requested production of substantially the same information he would have obtained by moving for discovery.

In light of the foregoing, we conclude that defendant has not borne the burden of proving that defense counsel failed to render "reasonably effective assistance" to defendant. On review of the record, we agree with the trial justice that the case was "well tried" by counsel, who "strongly and intelligently" opposed the two key issues in the case: the admission of the victim's show-up identification of defendant, and the admission of testimony concerning the theft of the gun from the hobby store by defendant. Furthermore, counsel's cross-examination of witnesses was well done and his argument to the jury was "articulate and well-reasoned."

## II

■ Delahunt asserts that he was denied his constitutional right to counsel because his requests for substitute counsel prior to trial were not granted. The record discloses that defendant made only one request

**3.** The defendant argues that the victim's grand jury testimony as to the length of time she was in her car with defendant differed greatly from her subsequent testimony. At the grand jury, the victim testified that she had been in her car with defendant "*at least* two or three minutes." (Emphasis added.) At trial and at the suppression hearing she testified that the time which

elapsed was six to seven minutes. We fail to see such an inconsistency between those statements as would warrant relief to defendant.

In addition, contrary to defendant's contention, there were no substantial differences between victim's testimony before the grand jury and her trial testimony as to her opportunity to view defendant's face during the assault.

for new counsel approximately two months prior to trial and expressed his dissatisfaction with counsel in writing a few months after the end of the trial.[4] The defendant, however, has failed to show good cause for a change of counsel.

In *State v. Desroches*, 110 R.I. at 505, 293 A.2d at 918, we held that "[t]he constitutional obligation to furnish counsel to an indigent defendant is discharged by the assignment of a public defender, unless the record shows he was not effectively representing the accused." As we previously indicated, the record shows that the public defender rendered reasonably effective assistance. The defendant's constitutional right to counsel, therefore, was not violated.

### III

We find no merit to the defendant's claim that the preindictment lineup was unconstitutional because we have already upheld its constitutionality in *State v. Delahunt, supra.* Finally, in light of the foregoing, we find the defendant's assertion that a totality of errors denied him due process to be devoid of merit.

Therefore, the defendant's appeal from the denial of his application for postconviction relief is denied and dismissed, the judgment appealed from is affirmed, and we remand the case to the Superior Court with our decision endorsed thereon.

---

4. The record also discloses that Delahunt told his counsel after his conviction, "You did all right for me. I have to do what I have to do." This statement appears to belie defendant's contention that he was dissatisfied with counsel's performance.