STATE

v.

**David R. COCHRANE.**

No. 77-270-C.A.

Supreme Court of Rhode Island.

April 13, 1982.

---

Dennis J. Roberts, II, Atty. Gen., David H. Leach, Asst. Atty. Gen., for plaintiff.

John F. Cicilline, Providence, for defendant.

## OPINION

MURRAY, Justice.

On April 30, 1976, David R. Cochrane (defendant) was indicted on three counts of assault with a dangerous weapon, one count of assault with intent to murder, one count of possession of a stolen motor vehicle, six counts of robbery, and one count of kidnapping. These charges were brought as a result of the defendant's participation in the April 9, 1976 robbery of a Pawtucket liquor store.[1]

On January 11, 1977, defendant moved pro se[2] to dismiss the indictment on the ground that he had been denied effective assistance of counsel.[3] This motion was denied and on January 12, 1977, defendant, again, acting pro se, filed a motion for a three-month continuance to obtain other counsel. This motion was also denied, and defendant voluntarily absented himself from the proceedings after making a brief opening statement.

After the close of evidence in the trial, a judgment of acquittal was entered in re-

---

1. The facts underlying the charges against defendant and his codefendant, Anthony Souza, are set forth in detail in *State v. Souza*, R.I., 425 A.2d 893 (1981).

2. The trial justice appointed private counsel to represent defendant at the hearing on this motion.

3. The defendant's motion to dismiss prompted the public defender who had been representing defendant to move to withdraw as counsel. This motion was denied. The public defender was then appointed to act as standby counsel for defendant, who had announced his intention to absent himself from the trial.

gard to the kidnapping charge and to two counts of assault with a dangerous weapon. The jury later returned a verdict of guilty on eight of the counts; regarding the remaining count of robbery, defendant was found guilty of the lesser included offense of assault with intent to rob. The defendant is now before us on appeal from the judgment of conviction entered on this verdict.

The sole claim of error[4] raised by defendant concerns the trial justice's denial of his motions to dismiss the indictment and for a continuance in order to obtain substitute counsel. The defendant argues that the denial of these motions effectively deprived him of his Sixth Amendment right to effective assistance of counsel. We do not agree.

At the hearing on defendant's motion to dismiss, Ricky Cochrane (Ricky), defendant's brother and an inmate at the Adult Correctional Institutions (ACI), was the only witness presented. According to his testimony, Ricky had been present during the five or six meetings defendant had had with his trial counsel at the ACI. At one of these meetings, Ricky testified, trial counsel informed them that "[a]nything that's said, will get back to the Attorney General's Office. * * * It's a policy of mine to avoid surprises during trial, to confer with the Attorney General's Office on cases." The defendant's allegations were specifically denied by trial counsel in an affidavit filed in court during the hearing. The defendant himself did not testify during the hearing and presented no further evidence to support his motion.

■ In determining whether a defendant has been denied his right to counsel, the standard to be used is that of "reasonably effective assistance" of counsel. *Pope v. State*, R.I., 440 A.2d 719, 723 (1982); *Delahunt v. State*, R.I., 440 A.2d 133, 135 (1982); *State v. Turley*, 113 R.I. 104, 109, 318 A.2d 455, 458 (1974). Furthermore, a defendant bears the burden of proving an allegation of ineffective assistance. *Id.*

■ In denying defendant's motion to dismiss, the trial justice noted that

"[t]here were no facts put on the record by either of these defendants of information which was transferred to [trial counsel] by either of these defendants, nor was there any evidence before the Court that this information, if transmitted to [trial counsel], was in fact turned over to the Attorney General's Department by [trial counsel]. * * * The Court finds that the defendants * * * failed to present any testimony, not even one scintilla of testimony, that constitutes a breach of the attorney-client relationship which existed between David Cochrane and [trial counsel] * * *."

In *State v. Turley*, 113 R.I. at 109, 318 A.2d at 458, we held that a charge of ineffective assistance of counsel "must be established by legally competent evidence. Mere unfounded claims and unsupported charges * * * are of no avail." The trial justice's ruling on defendant's motion was consistent with this standard, and the finding that defendant had failed to sustain his burden of proof on this issue is well supported by the record.

■ The trial justice was equally justified in denying defendant's motion for a continuance to obtain private counsel. At the hearing on his previous motion, defendant stated that although he did not wish to be represented by the public defender, he did not have funds to hire private counsel. In his motion, defendant requested a continuance of three months not merely to find private counsel but also to raise the necessary funds.

■ It is well established that a motion for a continuance in a criminal case is a matter within the discretion of the trial justice. *State v. Barnes*, R.I., 409 A.2d 988 (1979); *State v. Neary*, R.I., 409 A.2d 551 (1979). This court has also held that there must be "exceptional circumstances" to justify delay caused by discharging counsel on the eve of trial. *State v. Monteiro*, 108 R.I. 569, 575, 277 A.2d 739, 742 (1971).

---

4. Two other issues raised by defendant in his brief were waived at oral argument.

In the case before us, the trial justice had already determined that the defendant's trial counsel was providing competent representation. The constitutional obligation to provide effective representation to the defendant had thus been fulfilled. *See State v. Desroches*, 110 R.I. 497, 293 A.2d 913 (1972). In the clear absence of the "exceptional circumstances" referred to in *State v. Monteiro, supra,* the trial justice properly exercised his discretion in denying the defendant's motion for a three-month continuance.

For the foregoing reasons, the defendant's appeal is denied and dismissed, the judgment of conviction appealed from is affirmed, and the case is remanded to the Superior Court.