■ In the Matter of RICHARD JANELLI, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the

Comptroller which denied petitioner's application for accidental disability retirement. Petitioner, a Nassau County Police Officer since 1957, filed an application for accidental disability retirement with respondent Comptroller on July 14, 1980. In this application it is alleged that petitioner was disabled by cancer of the bladder caused by his use of the chemical benzidine over a period of several years. Specifically, petitioner had been assigned to the Scientific Investigations Bureau of the police department since 1961 and, in this position, part of his duties consisted of performing tests to determine if substances appearing to be blood were, in fact, blood. Prior to 1976, the chemical benzidine was used in performing these tests. Petitioner testified that the procedure used in performing this test involved pouring benzidine in a powdered form into a test tube and adding acetic acid and alcohol. He would then place his thumb over the end of the test tube and shake the mixture. In so doing, his thumb would come into contact with the mixture. Petitioner also testified that a fine mist of benzidine would form when he poured the chemical into the test tube and that he would inhale some of the mist. Moreover, petitioner testified that on one occasion in February, 1962, a test tube had broken, spilling the mixture on his hand. In 1976, petitioner's employer discontinued use of benzidine for blood tests due to reports that the chemical was carcinogenic. The Comptroller denied petitioner's application on the ground that petitioner's exposure to benzidine over a period of several years in the course of his duties did not constitute an accident within the meaning of section 363 of the Retirement and Social Security Law. This proceeding ensued. Petitioner's primary argument is that the Comptroller's determination is not supported by substantial evidence. In this regard, it is well established that the Comptroller is vested with "exclusive authority" to determine whether a certain event constitutes an accident (Retirement and Social Security Law, § 374, subd b; *Matter of Meaney v Regan,* 88 AD2d 1020). Despite the sympathetic nature of this case, upon the undisputed facts, the Comptroller could rationally determine that petitioner's exposure to benzidine over a period of many years was not an accident within the meaning of section 363 of the Retirement and Social Security Law (see *Matter of Rinaldi v Board of Trustees of N. Y. City Employees' Retirement System,* 88 AD2d 870). Accordingly, the instant determination must be confirmed (*Matter of Policastro v Regan,* 73 AD2d 745; *Matter of Sorge v Levitt,* 71 AD2d 767). In so ruling, we have considered petitioner's remaining contentions and find them to be without merit. Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.