**Sidney A. CLARK**

v.

**Donald E. ELLERTHORPE.**

No. 88–53–C.A.

Supreme Court of Rhode Island.

Jan. 30, 1989.

Matthew F. Medeiros, Flanders & Medeiros, Providence, for plaintiff.

James E. O'Neil, Atty. Gen., Jeffrey J. Greer, and Annie Goldberg, Asst. Attys. Gen., for defendant.

## OPINION

PER CURIAM.

The petitioner, Sidney A. Clark (Clark), the defendant in *State v. Clark*, 423 A.2d 1151 (R.I.1980), appeals from a Superior Court judgment denying his application for postconviction relief. The case came before this court on December 12, 1988, pursuant to an order directing both parties to show cause why the issues raised by this appeal should not be summarily decided. After careful consideration of the record and memoranda submitted by both parties and after hearing the arguments of counsel, we are of the opinion that cause has not been shown.

In November of 1974 Clark attacked a fellow inmate, Claude Saunders, at the Adult Correctional Institutions (ACI), viciously stabbing him to death with a "shank" or makeshift knife. The gory details of the prison slaying and our subsequent affirmance of petitioner's second degree murder conviction are contained in *State v. Clark*. Clark, currently serving a life sentence in prison, advances two arguments in favor of reversing the trial court's decision and granting his application for postconviction relief.

■ The first issue raised by petitioner challenges the improper admission of evidence obtained in violation of his constitutional rights. During the course of the murder investigation, the State Police directly applied benzidine, a carcinogenic substance, to the bodies of inmates suspected of killing Saunders. As used by law enforcement authorities to detect the presence of otherwise undetectable blood, benzidine is a rust-colored chemical which turns blue upon contact with certain enzymes in blood. The police, although knowing of the carcinogenic properties of benzidine, nevertheless liberally swabbed the chemical solution on Clark's skin. Clark tested positive for traces of blood. The petitioner argues that the compelled benzidine test violated his federal and state constitutional rights. The admission of evidence procurred from such an egregious constitutional infraction, Clark argues, cannot be considered harmless error.

The First Circuit Court of Appeals examined the constitutionality of this incident in *Clark v. Taylor*, 710 F.2d 4 (1st Cir.1983), a civil rights action brought by the inmates under 42 U.S.C.A. § 1983 (West 1981), and upheld District Court judgments against the prison warden and the police officers for violating the inmates' Fourteenth Amendment rights.[1] Our only line of inquiry, therefore, is to determine whether the admission of the results of the benzidine test constituted harmless error. In denying Clark's application for postconvic-

---

1. The court also held the director of the State Crime Laboratory liable under 42 U.S.C.A. § 1983 (West 1981) for failing to warn the State Police to refrain from applying benzidine directly to the skin of living beings. *Clark v. Taylor*, 710 F.2d 4, 10 & n.5 (1st Cir.1983).

tion relief, the trial court found that the benzidine evidence was cumulative and that any error committed in admitting it was harmless. We agree.

The erroneous admission of constitutionally tainted evidence is harmless only in situations in which there is proof "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 710 (1967); *see State v. Smith*, 446 A.2d 1035, 1036 (R.I.1982). The state bears the burden of proving that the error was harmless. *See generally State v. Carmody*, 471 A.2d 1363, 1366 (R.I.1984). To determine whether reversible error occurred, "it is necessary to review the facts of the case and the evidence adduced at trial." *Fahy v. Connecticut*, 375 U.S. 85, 87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171, 173 (1963). In the case at bar, the undisputed facts establish that petitioner entered Saunder's cell and brutally stabbed him to death. Earlier that day Clark had approached the victim's brother, Charles Saunders, also an inmate at the ACI, and stated that he intended "to scare" the victim because Saunders owed him an ounce of marijuana. Clark then threatened to kill Charles with a knife if he attempted to defend his brother. Later that afternoon two inmates observed Clark entering the victim's cell with a knife in hand. One of these witnesses testified that he saw Clark repeatedly stabbing Saunders about his upper torso. Shortly after the time of the murder, the police found the murder weapon wrapped in a towel behind a dislodged ceiling tile. Prior to conducting the benzidine test, the police, having probable cause, searched Clark's cell and discovered a shirt and a shoe stained with blood matching the victim's bloodtype.

We are satisfied that there was no reasonable possibility that the evidence concerning the benzidine test contributed to Clark's conviction. Although obtained in violation of petitioner's constitutional rights, the benzidine evidence was cumulative and of minimal significance. The evi-

dence of guilt against Clark was overwhelming and the benzidine test results merely provided additional cumulative and inconsequential proof. Consequently we hold that the error committed in admitting the benzidine evidence was harmless.

■ The second issue raised by petitioner addresses ineffective assistance of counsel at trial. Because trial counsel failed to assert a constitutional challenge to the admission of the benzidine evidence on the specific ground of its carcinogenicity, Clark claims that he was denied effective assistance of counsel.[2] We find petitioner's argument unpersuasive.

It is well settled that the Federal and State Constitutions guarantee persons accused of a crime the right to effective assistance of counsel in their defense. *See, e.g., McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Santos v. Laurie*, 433 F.Supp. 195 (D.R.I.1977); *State v. D'Alo*, 477 A.2d 89 (R.I.1984). As we noted in *State v. Desroches*, 110 R.I. 497, 293 A.2d 913 (1972), " 'Effective' does not mean successful. It means conscientious, meaningful representation wherein the accused is advised of his rights and honest, learned and able counsel is given a reasonable opportunity to perform the task assigned to him." *Id.* at 501, 293 A.2d at 916 (quoting *State v. Kendall*, 167 N.W.2d 909, 910 (Iowa 1969)). To determine whether counsel's assistance was so defective as to warrant reversal, the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), promulgated a two-prong test, adopted by this court in *Barboza v. State*, 484 A.2d 881 (R.I.1984), which requires a convicted defendant to prove that counsel's performance was deficient and that the deficient performance prejudiced the defense so seriously that it deprived the defendant of a fair trial. In our view Clark has not sustained this burden of proof.

The proper standard for evaluating attorney performance is an objective measure-

---

**2.** In *State v. Clark*, 423 A.2d 1151, 1158 (R.I. 1980), we declined to address petitioner's constitutional argument, stating that "[t]he carcino-

genic potential of benzidine is not a proper issue for challenge in this appeal."

ment of assistance that is reasonably effective, when considered in light of all the circumstances and viewed as of the time of counsel's conduct. In his memorandum to the trial court, petitioner argues that trial counsel deliberately waived his Fourteenth Amendment claims based on the carcinogenicity of benzidine and that this waiver provided fertile grounds for finding ineffective assistance of counsel. Defense counsel, however, submitted a duly sworn affidavit stating that, at the time of trial in October of 1975, he raised no constitutional issue because he was unaware of benzidine's carcinogenic properties.

Although parties in the past decade have asserted claims predicated upon the carcinogenic effect of benzidine in both the civil and the criminal areas, *Real v. Hogan*, 828 F.2d 58 (1st Cir.1987); *Carillo v. Brown*, 807 F.2d 1094 (1st Cir.1986); *Marrapese v. State of Rhode Island*, 749 F.2d 934 (1st Cir.), *cert. denied*, 474 U.S. 921, 106 S.Ct. 252, 88 L.Ed.2d 259 (1984); *Carillo v. Moran*, 463 A.2d 178 (R.I.1983); *State v. Carillo*, 122 R.I. 392, 407 A.2d 491 (1979); *Commonwealth v. Corriveau*, 396 Mass. 319, 486 N.E.2d 29 (1985); *Genson v. Bofors–Lakeway, Inc.*, 419 Mich. 956, 357 N.W.2d 665 (1984); *Janelli v. Regan*, 92 A.D.2d 966, 460 N.Y.S.2d 653 (1983), our research reveals no case law concerning this issue prior to 1976 that would have alerted counsel to benzidine's harmful side effects. We shall not impute the subjective knowledge of the police officers responsible for administering the test to the petitioner's trial counsel. As the *Strickland* Court cautioned, a reviewing court should strive "to eliminate the distorting effects of hindsight." 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. Defense counsel's affidavit directly rebuts the petitioner's assertion of deliberate waiver. Moreover, counsel did move to suppress the results of the benzidine test on other grounds. We believe that in these circumstances the petitioner received conscientious and diligent assistance of counsel. Having failed to prove that counsel's performance was deficient, the petitioner's argument must be rejected.

Accordingly the petitioner's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.