[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on the Petitioner, Pierre Grenier's, pro se application for post-conviction relief pursuant to R.I.G.L. 1956 (1985 Reenactment) § 10-9.1-1. The Petitioner contends that he was deprived of his right to the effective assistance of counsel and that he was denied his right to proceed without counsel.
The facts are as follows. The petitioner was tried and convicted in a Superior Court trial de novo of two counts of malicious destruction of property under R.I.G.L. § 11-44-1. Petitioner appealed to the Rhode Island Supreme Court alleging ineffective assistance of counsel. The Court summarily denied and dismissed Petitioner's appeal. However, the Court suggested that the Petitioner seek relief by filing an application for post-conviction relief. The Petitioner filed an application for post-conviction relief before this Court on April 26, 1991.
Both the State and Petitioner filed memoranda. In response, a post-conviction evidentiary hearing was held. The Petitioner appeared pro se at the post-conviction hearing where he gave testimony regarding his allegations of ineffective assistance of counsel and his desire to proceed pro se at trial. As the Petitioner refused to waive the attorney-client privilege no testimony was taken from Petitioner's trial counsel at this hearing.
INEFFECTIVE ASSISTANCE OF COUNSEL
A criminal defendant is entitled to effective assistance of counsel pursuant to the Rhode Island and Federal Constitutions.See McMann v. Richardson, 397 U.S. 759, 771 (1970); State v.Cochrane, 443 A.2d 1249, 1251-52 (R.I. 1982). The burden of proving that counsel rendered ineffective assistance rests on the defendant. Delahunt v. State, 440 A.2d 133, 135 (R.I. 1982);State v. Turley, 113 R.I. 104, 109, 318 A.2d 455, 458 (1974);State v. Desroches, 110 R.I. 497, 501, 293 A.2d 913, 916 (1972). With respect to a claim of ineffective assistance of counsel, Rhode Island has adopted the standard as set forth inStrickland v. Washington, 466 U.S. 688 (1984): "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Brown v. Moran, 534 A.2d 180, 182 (R.I. 1987).
Specifically, Strickland set out a two-part test to determine whether counsel's assistance is ineffective:
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d 693.
Essentially, the Court stated that counsel's representation is deemed deficient if it falls below "an objective standard of reasonableness." Id. at 688. The Court further explained that to prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."Id. at 694. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances the challenged action `might be considered sound trial strategy.'" Id. at 689.
The Petitioner has failed to overcome this strong presumption that under the circumstances trial counsel's actions might be considered sound trial strategy. The Petitioner here alleges three bases for his claim of ineffective assistance of counsel. Petitioner first alleges that his counsel failed to make any objections at trial. Although the trial transcript reflects that Petitioner's trial counsel did not make any objections at trial, Petitioner has not met the burden of proving that the alleged errors affected the outcome of the case such that the outcome would have been different absent the alleged errors. Additionally, the petitioner has failed to state with specificity which testimony he alleges was objectionable. See, Griffin v.Wainwright, 760 F.2d 1505 (11th Cir. 1985). (Prisoner did not establish ineffective assistance of counsel claim by alleging defense counsel's failure to object to specific remarks made by prosecutor). Furthermore, because the Petitioner choose not to waive the attorney-client privilege, Petitioner's trial counsel did not testify at the post-conviction hearing as to her possible strategical reasons for failing to object at trial. It is well-established that "counsel will not be deemed constitutionally deficient merely because of tactical decisions."Griffin v. Wainwright, 760 F.2d 1505, 1513 (11th Cir. 1985).
Petitioner also contends that his counsel was ineffective due to her failure to call the Petitioner in his own defense. Again, trial counsel did not testify as to why Petitioner did not take the stand because Petitioner refused to waive attorney-client privilege with respect to any communications between the Petitioner and his trial counsel. Petitioner fails to state any facts to suggest that this decision was any more than a result of counsel's informed professional judgment. Such a decision, does "not constitute ineffective assistance of counsel." Shraiar v.U.S., 736 F.2d 817, 818 (1st Cir. 1984).
Lastly, Petitioner alleges that counsel was ineffective because she refused to cross-examine certain witnesses regarding their testimony in the District Court trial. A trial de novo
is a new trial in which the whole case is retried as if no trial whatever had been had in the first instance. The Petitioner again has failed to establish that trial counsel's decision not to cross-examine witnesses in the manner suggested by Petitioner falls below an objective standard of reasonableness. As stated previously, because Petitioner refused to waive attorney-client privilege trial counsel did not testify as to her reasons for conducting cross-examination in such a manner. Trial counsel's alleged conduct clearly falls within the wide range of reasonable, professional assistance. The Petitioner has not overcome the presumption that trial counsel's decision not to cross-examine on certain matters might very well be considered sound trial strategy.
RIGHT TO PROCEED PRO SE
Rule 44 of the Superior Court Rules of Criminal Procedure recognizes the right of a criminal defendant to represent himself. Additionally, an accused has a Sixth Amendment right to conduct his own defense, so long as he knowingly and intelligently waives the right to counsel. Faretta v.California, 422 U.S. 806, 812 (1975). This court may not constitutionally force a lawyer upon a criminal defendant where he wants to conduct his own defense. State v. Kennedy,586 A.2d 1089, 1091 (R.I. 1991) (quoting Faretta). Faretta requires that an accused who desires to proceed without counsel "be made aware of the dangers and disadvantages of self-representation."Faretta, 422 U.S. at 835.
Upon Petitioner's requests to proceed pro se, the trial judge, as required, explained at length the dangers and disadvantages of self-representation. (Tr. Nov. 8, 1989, 2-11). After considering the trial judge's advice the Petitioner stated "I am going to change my mind and have Miss Caron represent me, please. I feel I have no way of picking a jury." (Tr. Nov. 8, 1989 at 9). A criminal defendant cannot claim his right to counsel and assert the right to represent himself in the same trial. State v. Brown, 549 A.2d 1373, 1379 (R.I. 1989). Therefore, it is clear that the Petitioner agreed to be represented by counsel thereby waiving his right to proceed pro se.
Petitioner claims he agreed to have Miss Caron represent him only after the trial justice informed him he must appear at court every day until the trial was reached. (Petitioner's Answer to State's Motion to Dismiss at 4). Petitioner asserts he is the sole caregiver for an elderly parent and these responsibilities prevented him from appearing in court on his own behalf. (Appellant's Pre-Briefing Statement at 2). However Petitioner never raised these concerns to the trial justice. Indeed, the record reflects a statement by the Petitioner that he wished to claim his right to counsel because he was unprepared in the selection of a jury (Tr. Nov. 8, 1989 at 9). The Court finds this statement to be binding upon the Petitioner and that Petitioner made a knowing and voluntary waiver of his right to represent himself.
After conducting a post-conviction evidentiary hearing and examining the trial transcript and memoranda submitted by both parties, this Court is satisfied that the Petitioner has not met the burden of proving either ineffective assistance of counsel or deprivation of his right to proceed pro se. Accordingly, this Court denies the Petitioner's request for post-conviction relief.