STATE

v.

**Paul ROSSIER.**

**No. 95–395–C.A.**

Supreme Court of Rhode Island.

March 18, 1996.

---

**456**

Andrea Mendes, Special Asst. Atty. General, Aaron Weisman, Asst. Atty. General, for Plaintiff.

Paula Rosin, Asst. Public Defender, Catherine Gibran, Asst. Public Defender, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on January 25, 1996, pursuant to an order directing the state and the defendant to appear and show cause why this appeal should not be summarily decided. The defendant, Paul Rossier, appeals from his conviction after a jury trial entered in the Superior Court on two counts of first-degree sexual assault.

After a review of the memoranda submitted by the parties and after hearing counsels' oral argument, it is the conclusion of this court that cause has not been shown and that the issues raised by this appeal will be decided at this time.

In August of 1991 the East Providence police department received a complaint that defendant had sexually assaulted a seventeen-year-old girl. At trial the investigating detective testified that defendant admitted to having had sexual relations with the victim but claimed that the act was consensual. According to defendant, the victim agreed to perform oral sex on him if he promised to help her establish a relationship with a boy that she fancied. The detective testified that when he asked defendant to sign a written statement relating his version of the incident, defendant refused, stating that he does not put anything in writing.

█ On appeal defendant claims that the trial justice erred by permitting the detective to testify about his refusal to reduce his statements to writing. The defendant cites *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *State v. Smith*, 446 A.2d 1035 (R.I.1982); and *State v. Geter*, 108 R.I. 437, 276 A.2d 274 (1971), in support of his argument. In *Doyle v. Ohio* the Supreme Court held that the use of a defendant's post-*Miranda* admonition for impeachment purposes violates the due-process clause of the Fourteenth Amendment. *Doyle*, 426 U.S. at 618, 96 S.Ct. at 2245, 49 L.Ed.2d at 98. Similarly in *State v. Smith* and in *State v. Geter* this court held that the defendants' postarrest decisions to remain silent and their refusal to sign waiver-of-rights forms could not be used by the state as evidence

against them. *Smith,* 446 A.2d at 1036; *Geter,* 108 R.I. at 441, 276 A.2d at 276. In this case, however, it was not defendant's silence to which the detective testified but defendant's incriminating remarks to police. Here defendant waived his right to remain silent. He acknowledged that "anything I say can and will be used against me in a court of law." There was no invocation of the *right to remain silent,* as in *Doyle, Smith,* and *Geter;* rather defendant made voluntary statements to police after a knowing waiver of his *Miranda* rights. *Cf. Connecticut v. Barrett,* 479 U.S. 523, 107 S.Ct. 828, 93 L.Ed.2d 920 (1987) (a defendant who is fully warned under *Miranda,* who agrees to talk but who refuses to sign anything without counsel, does not invoke the right to counsel in regard to the oral statement).

The defendant also claims that the trial justice erred by permitting a physician who examined the victim after the alleged assault to testify to an out-of-court statement made by the victim. Specifically, Dr. Steven Maynard testified that during a pelvic examination of the victim, he noticed a small collection of blood at the vulva, swelling of the tissues, and swelling and bruising of the hymen. He testified that when he asked the victim the date of her last menstrual cycle, the victim replied that she had never had a menstrual cycle. The defendant contends that he is entitled to a new trial because this testimony constituted inadmissible hearsay that was highly prejudicial.

The Rhode Island Rules of Evidence contain an exception to the rule against hearsay for statements made by the declarant for the "purposes of medical diagnosis or treatment." Rule 803(4) provides in pertinent part that

> "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment, but not including statements made to a physician consulted solely for the purpose of preparing for litigation or obtaining testimony for trial."

■ The underlying rationale for the exception is the patient's motivation to be truthful about information forming the basis of his or her diagnosis or treatment. According to the advisory committee's notes to Rule 803(4), "the exception applies to any information *reasonably* pertinent to diagnosis or treatment, including statements of present or past condition, medical history, and *general causation.*" (Emphasis added.) The type of evidence typically inadmissible under the rule are statements made to a physician "merely to assign fault or to narrate details that are not connected with diagnosis or treatment." *State v. Veluzat,* 578 A.2d 93, 96 (R.I.1990).

■ In the instant case the victim's statement was relevant to the physician's determination of the cause of the presence of the blood—whether it was due to normal menstruation or to vaginal trauma. As such, the information was intended to assist the physician in the diagnosis and treatment of his patient. Nothing in the statement assigns fault to the defendant. Therefore, the trial justice properly admitted the statement as an exception to the rule against hearsay.

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.