**STATE**

v.

**Roger GODDARD.**

**No. 2000–346–C.A.**

Supreme Court of Rhode Island.

June 12, 2002.

Aaron L. Weisman, Providence, for Plaintiff.

Catherine A. Gibran/Aaron L. Weisman, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant, Roger Goddard, appeals from a Superior Court judgment of conviction for first-degree robbery. On appeal he contends that the trial justice erred in permitting the prosecution to use his post-arrest decision to remain silent as evidence against him at trial.

This case came before a single justice of this Court, who ordered the parties to show cause why this appeal should not summarily be decided. After hearing their arguments and considering their legal memoranda, we conclude that cause has not been shown and proceed summarily to decide the appeal.

On the afternoon of Sunday, November 3, 1996, as seventy-four-year-old Clara Homsany returned from church to her home in Pawtucket, the defendant approached her in her driveway asking for directions to the nearby McCoy Stadium. Mrs. Homsany provided the directions, and instead of thanking her, the defendant grabbed for Mrs. Homsany's handbag, which was strapped over her shoulder. Mrs. Homsany held on to her handbag and began screaming for help, at which point the defendant reached into his pocket to retrieve a can of Lysol, which he sprayed in her face. The spray fogged up Mrs. Homsany's glasses and caused her to let go of the handbag. The defendant then took the handbag containing $66 in cash and drove away in his car, which had been parked near Mrs. Homsany's home. The stunned Mrs. Homsany, who was not physically injured by the defendant, was able to note the license plate number on the defendant's car and ran to the home of her neighbor, who promptly called 911 and provided a description of the suspect, his car, and the license plate number.

The Pawtucket police immediately issued a radio broadcast with a description of the suspect and of his vehicle. Officer Raymond Doran was dispatched to Mrs. Homsany's home to obtain a report of the incident. Within fifteen minutes after his arrival there, he received word via radio transmission that a person matching the suspect's description had been apprehended in Seekonk, Massachusetts. Officer Stephen Leavitt, a Seekonk patrolman, had recognized the vehicle and suspect from the radio broadcast, and after stopping the suspect's vehicle, found a black handbag, a Lysol spray can, and a crack pipe in the front seat of the car. Officer Doran then drove Mrs. Homsany to Seekonk, where she identified the suspect as the robber and the handbag as being the one taken from her. The defendant later was indicted and charged with robbery.

Following a jury trial in March 2000, the defendant was convicted of first-degree robbery. His later motion for a new trial was heard and denied on April 3, 2000. On June 13, 2000, he was sentenced to a term of twenty years at the Adult Correctional Institutions, twelve of which were to

be served. The remaining eight years of the sentence were suspended with probation. The defendant appeals.

The sole issue presented here in the defendant's appeal is whether the trial justice erred in permitting the prosecution to elicit from one of the state's witnesses the defendant's post-arrest decision to not be questioned after being given the *Miranda* warnings. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). At trial, the defendant did not dispute that he had robbed Mrs. Homsany, but rather contended that he was so incapacitated as a result of voluntarily ingesting crack cocaine during the entire night before the incident and on the morning of the incident, that he could not, pursuant to the doctrine of diminished capacity, be held legally responsible for his actions. *See, e.g., State v. Barrett*, 768 A.2d 929 (R.I.2001); *State v. Amazeen*, 526 A.2d 1268 (R.I.1987); *State v. Hockenhull*, 525 A.2d 926 (R.I.1987). The prosecution sought to counter this defense by probing into the defendant's response to the *Miranda* warnings given to him to show his then-present clarity of mind. Officer Leavitt, a thirty-year veteran of the Seekonk police department with extensive training and experience with motorists under the influence of alcohol and drugs, testified that it appeared to him that the defendant was attentive when his *Miranda* rights were read to him and that the defendant did not ask any questions about those rights. After he was read his *Miranda* rights a second time at the police station, Officer Leavitt testified that the defendant stated he did not want to answer any questions. At this point during Officer Leavitt's testimony, defense counsel objected and requested a sidebar conference, at which he argued that the state should not be allowed to present to the jury the fact that the defendant exercised his right to remain silent. The prosecutor

explained that he was seeking to establish only that the defendant was lucid, was able to understand his rights, and was not under the influence of drugs. The prosecutor then suggested that the trial justice issue a cautionary instruction to the jury, thus alleviating any possible prejudice from the officer's response. Defense counsel objected and requested instead that the trial justice strike the question and the "whole line of questioning." The trial justice denied defense counsel's request.

The trial justice then issued the following cautionary instruction to the jury:

> "You're to draw no inference if any defendant or any citizen after arrested says he doesn't want to talk unless he sees his lawyer. That's an absolute right that this defendant has and everybody has. Does anybody have a problem with that? I'm going to, at the end of the case, I'll tell you you're not to discuss that fact in the jury room that he exercised his constitutional rights. Can I have your assurance it has no bearing? It has no adverse affect [*sic*] upon taking the Fifth? Okay. Let the record indicate the jury collectively nodded that it had no affect [*sic*] on them."

After this cautionary instruction, the prosecutor again asked Officer Leavitt about the defendant's reaction after he had been given his *Miranda* warnings. Defense counsel again objected, but the trial justice overruled the objection and told defense counsel that he had "a continuing objection to this line." Officer Leavitt responded that the defendant had exercised his right not to answer any questions and also testified that he asked the defendant a series of processing questions, including his name, address, and date of birth, to determine whether the defendant was under any influence of alcohol or drugs. He concluded that the defendant was not un-

der the influence of alcohol or drugs. He testified that he asked the defendant on four occasions whether he was under the influence of alcohol or drugs, and the defendant repeatedly replied that he was not.

Upon completion of the trial, the trial justice instructed the jury concerning the charge of robbery and instructed the jury that if it believed that the defendant at the time of the incident was under the influence or was intoxicated from having ingested crack cocaine and as a result was unable to form the specific intent required to commit the crime of robbery, the defendant could not be found guilty of the robbery charge but could be found guilty of the lesser included offenses of assault with a dangerous weapon or simple assault. The trial justice also reiterated his cautionary instruction to the jury not to consider the defendant's exercise of his right to remain silent. He stated: "In this case at the early stage when the defendant was first stopped he chose to remain silent. You are not to consider that. That's a right every one of us has; you're not to consider that adversely to the defendant. He's merely exercising his constitutional right." After deliberating for less than an hour, the jury found the defendant guilty of first-degree robbery.

 "[T]he use of a defendant's post-*Miranda* admonition [that he will remain silent] for impeachment purposes violates the due-process clause of the Fourteenth Amendment." *State v. Rossier,* 672 A.2d 455, 456 (R.I.1996) (per curiam) (citing *Doyle v. Ohio,* 426 U.S. 610, 618, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91, 98 (1976)). "Similarly in *State v. Smith* [, 446 A.2d 1035, 1036 (R.I.1982) (per curiam) ] and in *State v. Geter* [,108 R.I. 437, 441, 276 A.2d 274, 276 (1971) ] this [C]ourt held that the defendants' postarrest decisions to remain silent and their refusal to sign waiver-of-rights forms could not be used by the state

as evidence against them." *Rossier,* 672 A.2d at 456–57. In *Geter,* this Court applied the protection to questions asked of the arresting police officer concerning the defendant's refusal to sign a *Miranda* rights form and telling the officer that he "didn't want to say anything." *Geter,* 108 R.I. at 438, 276 A.2d at 275. In *Geter,* we opted to apply the "harmless error doctrine" and not the "automatic reversal standard" in reviewing whether the admission of such evidence unfairly contributed to the jury's verdict in that case, and we ultimately concluded that the error was harmless beyond a reasonable doubt because the uncontradicted trial evidence clearly had established that the defendant in that case had robbed the victim. *Id.* at 441–42, 276 A.2d at 276.

Similarly, we conclude that the error in the instant case was harmless beyond a reasonable doubt because here, as in *Geter,* the evidence of the defendant's robbing Mrs. Homsany clearly established that the defendant had committed the crime and at the time was not suffering from any diminished capacity. The defendant at no time contested the fact that he had sprayed Mrs. Homsany with Lysol and had stolen her handbag. Officer Leavitt's testimony that he did not observe any signs indicating that the defendant was under the influence of any drugs or alcohol, and Mrs. Homsany's testimony that the defendant clearly had asked her for specific directions to the nearby McCoy Stadium was found by the trial jury to be both credible and persuasive. All of that evidence clearly refuted the defendant's claim of diminished capacity. It appears also that the prosecutor's error in questioning Officer Leavitt about the defendant's refusal to be questioned did not affect the jury's verdict or prejudicially affect the defendant's right to a fair trial. We are satisfied that the trial justice's cautioning of the jury on two

occasions not to draw any adverse inference from the defendant's exercise of his right to remain silent, *see State v. Correia,* 707 A.2d 1245, 1248 (R.I.1998), and the prosecutor's closing argument during which he similarly cautioned the jury, served to neutralize the effect of Officer Leavitt's unfortunate comment. Therefore, any error that resulted from the officer's testimony was harmless beyond a reasonable doubt and "did not contribute to the verdict obtained." *Geter,* 108 R.I. at 442, 276 A.2d at 276.

For the reasons above stated, the defendant's appeal is denied and dismissed, and his conviction is affirmed. The papers in this case are remanded to the Superior Court.