Robert ANGELL

v.

STATE.

No. 82–5–C.A.

Supreme Court of Rhode Island.

Jan. 13, 1983.

John D. Lynch, Warwick, for plaintiff.

Dennis J. Roberts II, Atty. Gen., Anthony F. Del Bonis, Sp. Asst. Atty. Gen., for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal from the denial of an application for postconviction relief filed by Robert Angell (Angell) in the Superior Court pursuant to the provisions of G.L.1956 (1969 Reenactment) chapter 9.1 of title 10, as enacted by P.L.1974, ch. 220, § 3. Angell's application was based upon a claim of ineffective assistance of counsel. The trial justice rejected this claim and found that Angell's counsel was effective and satisfied the requirements implicit in the guarantees of the Sixth Amendment to the Constitution of the United States. We affirm. The facts underlying this application may be briefly summarized.

Angell was convicted of the murder of Antonio Bettencourt and sentenced to life imprisonment by a justice of the Superior Court. This conviction was affirmed by this court in *State v. Angell*, R.I., 405 A.2d 10 (1979). The facts developed at the trial are set forth at length in that opinion. In summary, it was proven beyond a reasonable doubt that Angell bludgeoned Bettencourt to death with a two-by-four-inch board and robbed the victim of a sum of money contained in the victim's wallet. This crime occurred on the evening of September 19, 1973, after Angell and Bettencourt had been drinking together in several East Providence bars for about two hours. At trial the most significant testimony produced, in addition to the circumstantial evidence relating to the victim's death, came from Angell's wife, Evelyn. She stated that Angell returned to their home between 8 and 9 p.m. on September 19, out of breath and with blood on his T-shirt. Angell then stated to his wife that he had hit Bettencourt with a board and that he thought that he had killed him. Angell further stated that he had taken money from Bettencourt and showed her between $100 and $175. Mrs. Angell testified that she had disposed of the bloody T-shirt and rehearsed with her husband a proposed alibi involving a visit to her mother's house. At trial, Angell testified in his own behalf and set forth the alibi defense earlier described by his wife. The jury obviously believed Mrs. Angell and rejected Angell's alibi testimony.

In the course of the application for postconviction relief, Angell's present counsel fired a virtual broadside of allegations of incompetence against Angell's original trial and appellate counsel. With unerring twenty-twenty hindsight, Angell attempts to outline all of the strategic and tactical mistakes made by his prior attorneys.

We have examined the transcript of the postconviction hearing in the light of these allegations of incompetence and find that they do not establish ineffective assistance of counsel. The Supreme Court of the

United States observed in *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763, 773 (1970), that the quality of a lawyer's advice should be judged "not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases." We have defined effective assistance of counsel in *State v. Desroches,* 110 R.I. 497, 501, 293 A.2d 913, 916 (1972) (quoting *State v. Kendall,* 167 N.W.2d 909, 910 (Iowa 1969)), in the following terms:

> " 'Effective' does not mean successful. It means conscientious, meaningful representation wherein the accused is advised of his rights and honest, learned and able counsel is given a reasonable opportunity to perform the task assigned to him."

In this case an attorney on the Public Defender's staff was assigned to represent Angell. This attorney had previously tried between seventy-two and seventy-seven criminal cases in the Superior Court, of which the bulk were felony trials, as well as a great number of violation and bail hearings. Although present counsel suggests a number of tactical approaches that were not utilized by trial counsel, we are of the opinion that those tactical maneuvers would not have affected the outcome of the case. The heart of the state's presentation was the testimony of Mrs. Angell. Nothing suggested by present counsel, in our opinion, would have shaken or diminished the force of that testimony. In light of the clear evidence that Mr. Bettencourt's death was the result of a violent beating, Mrs. Angell's testimony made it virtually impossible for any defense counsel, however skillful, to defend Angell successfully.

The issues raised on appeal were those most likely to achieve a favorable response from an appellate court. However, in the light of overwhelming evidence of guilt, none of the claimed errors was found to be sufficiently meritorious or prejudicial to reverse the conviction.

Taking the entire record of both cases into account, in the light of the claimed deficiencies of prior trial and appellate counsel, we are of the opinion that the trial justice not only was not clearly wrong but was correct in his finding that Angell "most certainly had effective counsel, and constitutionally speaking, that is all * * * that he was entitled to."

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment of the Superior Court is affirmed, and the papers in the case may be remanded to the Superior Court.