STATE

v.

**Edward D'ALO.**

**No. 83–243–C.A.**

Supreme Court of Rhode Island.

June 19, 1984.

Dennis J. Roberts II, Atty. Gen., Maureen McKenna Goldberg, Asst. Atty. Gen., Sharon O'Keefe, Sp. Asst. Atty. Gen., for plaintiff.

John F. Cicilline, Providence, for defendant.

## OPINION

MURRAY, Justice.

This is an appeal from a denial by the Superior Court of the defendant's petition for postconviction relief. The defendant was convicted in 1980 by a Superior Court jury of conspiracy to commit robbery and kidnapping. His conviction was subsequently affirmed by this court in *State v. D'Alo*, 435 A.2d 317 (R.I.1981). Thereafter, the defendant petitioned the Superior Court for postconviction relief pursuant to G.L. 1956 (1969 Reenactment) § 10–9.1–1, as enacted by P.L. 1974, ch. 220, § 3, on the ground that he was deprived of his state and federal constitutional right to the effective assistance of an attorney.[1] Both the defendant and the state filed memoranda, and no evidentiary hearing was held. The defendant's petition was denied in a written decision by the same trial justice who had presided over the defendant's original trial. We affirm the denial of the defendant's petition for postconviction relief.

Initially, the state claims that defendant has waived appellate review by his "failure to submit evidence" of the alleged ineffective assistance of his trial counsel. Specifically, the state suggests that defendant's claim cannot be properly reviewed on appeal because no evidentiary hearing was held in the Superior Court.

The cases cited by the state, however, do not stand for the proposition that an evidentiary hearing is a prerequisite to appellate review of a trial justice's denial of postconviction relief. Rather, they represent instances in which we refused to consider alleged ineffectiveness of counsel on direct appeal following conviction on the ground that the proper avenue for such a claim is a petition for postconviction relief. *See State v. Freitas*, 121 R.I. 412, 399 A.2d 1217 (1979); *State v. Levitt*, 118 R.I. 32, 371 A.2d 596 (1977); *State v. Turley*, 113 R.I. 104, 318 A.2d 455 (1974).

■ Our refusal to consider claims of ineffective counsel on direct appeal is nothing more than an application of the long-recognized and fundamental principle that only specific rulings of a trial justice are reviewable on direct appeal. *State v. Gonsalves*, 476 A.2d 108, 111–112 (R.I.1984); *State v. Freitas*, 121 R.I. at 416–17, 399 A.2d at 1219; *State v. Levitt*, 118 R.I. at 40, 371 A.2d at 600; *State v. Wright*, 105 R.I. 556, 564–65, 253 A.2d 593, 597–98 (1969); *State v. Franklin*, 103 R.I. 715, 728, 241 A.2d 219, 227 (1968); *State v. Quattrocchi*, 103 R.I. 115, 117–18, 235 A.2d 99, 101 (1967). Claims of ineffective counsel generally center on independent acts or behavior of counsel and rarely involve rulings by a trial justice. Thus, such claims should be considered in distinct postconviction proceedings before direct appeal. *Cf. State v. Gonsalves*, 476 A.2d at 111 (claim of ineffective counsel was considered on direct appeal where original denial of claim was included in pretrial order).

In the present case, defendant properly filed a petition for postconviction relief. It is true that no evidentiary hearing was held in the Superior Court, and in this regard no formal presentation of evidence by way of witness testimony and proffered exhibits took place. However, defendant submitted a detailed memorandum in support of his

---

1. General Laws 1956 (1969 Reenactment) § 10–9.1–1(a)(1), as enacted by P.L. 1974, ch. 220, § 3, authorizes the filing of a petition for postconviction relief on the ground "that the conviction or the sentence was in violation of the constitution * * * or laws of this State." A criminal defendant is constitutionally entitled to competent and effective counsel, under both the Federal and Rhode Island Constitutions. *See McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763, 773 (1970); *State v. Cochrane*, 443 A.2d 1249, 1251–52 (R.I. 1982).

petition, and attached to that memorandum several exhibits consisting of excerpts from the trial transcript. These exhibits contained portions of trial testimony accompanied by the relevant questions of defense counsel on both direct and cross-examination, some of defense counsel's objections, and certain discussions between defense counsel and the trial justice. The text of the memorandum sets forth arguments referring to each exhibit.

In determining whether a trial counsel's performance was effective, no evidence is more probative than the trial transcript, for through the transcript a trial justice hearing a petition for postconviction relief can observe, albeit second-hand, what actually happened as far as the trial counsel's actions are concerned. Accordingly, the trial justice hearing the petition in the present case had sufficient evidence before him to assess the performance of defendant's trial counsel. The trial justice issued a written decision reviewing portions of the trial transcript and addressing defendant's arguments, and concluded that the evidence did not warrant a finding that counsel was ineffective. This decision therefore provides us with a reviewable record to which we now turn to adjudge the merits of defendant's claims.

The Rhode Island and Federal Constitutions entitle a criminal defendant to effective assistance of counsel. *See McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763, 773 (1970); *State v. Cochrane*, 443 A.2d 1249, 1251–52 (R.I.1982); *Delahunt v. State*, 440 A.2d 133, 135 (R.I.1982); *State v. Desroches*, 110 R.I. 497, 293 A.2d 913 (1972). As we indicated in *Desroches*, " 'Effective' does not mean successful. It means conscientious, meaningful representation wherein the accused is advised of his rights and honest, learned and able counsel is given a reasonable opportunity to perform the task assigned to him." *State v. Desroches*, 110 R.I. at 501, 293 A.2d at 916 (quoting *State*

*v. Kendall*, 167 N.W.2d 909, 910 (Iowa 1969)).

Our analysis focuses on the record to determine whether defense counsel failed to render "reasonably effective assistance." *Delahunt v. State*, 440 A.2d at 135; *State v. Turley*, 113 R.I. at 109, 318 A.2d at 458. The burden of proving that counsel rendered ineffective assistance rests on defendant. *Delahunt v. State*, 440 A.2d at 135; *State v. Turley*, 113 R.I. at 109, 318 A.2d at 458; *State v. Desroches*, 110 R.I. at 501, 293 A.2d at 916. Furthermore, the findings of the trial justice hearing the petition for postconviction relief are entitled to stand undisturbed on appeal in the absence of clear error or a showing that material evidence was overlooked or misconceived. *State v. Dufresne*, 436 A.2d 720, 722 (R.I.1981); *State v. Duggan*, 414 A.2d 788, 792 (R.I.1980).

The defendant claims that defense counsel failed to object properly to testimony by a state witness regarding defendant's alleged involvement in other previous and distinct criminal activity. However, defendant himself took the stand and brought into question his credibility by stating, in effect, that he had never handled any stolen goods "whatsoever." The defendant thus opened the door to cross-examination and rebuttal testimony regarding his prior criminal activity. He was cross-examined about his previous involvement with stolen goods, and defense counsel moved for a mistrial on the grounds that this cross-examination was improper. The state then called a rebuttal witness to show that defendant had in fact handled stolen goods on other occasions. Another motion for a mistrial was made and denied. Although defense counsel did not object to the state's rebuttal questions again on the "other crimes" grounds, it was clear that such an objection would have been without merit in light of defendant's direct testimony.[2] Thus, defense counsel attempted to

---

**2.** The trial justice who heard this petition specifically found that defense counsel did not solicit

this line of questioning in his examination of

exclude the rebuttal testimony on other grounds. Despite the fact that defense counsel's efforts were unsuccessful, they did not amount to "ineffective assistance." *See State v. Desroches*, 110 R.I. at 501, 293 A.2d at 916.

Numerous other instances of alleged "ineffective assistance" of counsel are urged by defendant. These include defense counsel's solicitation of and failure to exclude testimony that one state witness had pleaded nolo contendere to the same charge and another feared for his life and was in a witness-protection program as a result of his trial testimony. The trial justice who heard the petition for postconviction relief found that this was a sound trial tactic employed by defense counsel to impeach the credibility of these state witnesses, and he noted that motions for a mistrial were made when defense counsel later evaluated the sum of the testimony.

With regard to defense counsel's alleged improper and ineffective use of prior inconsistent statements made by a state witness, the postconviction trial justice found, first, that defense counsel succeeded in obtaining an admission by the witness that he had lied in those statements, and, second, that he had to be selective in his use of those statements in order to keep out potentially prejudicial testimony. Thus, defense counsel again acted pursuant to a sound trial strategy.

■ As recognized by the United States Court of Appeals for the First Circuit, in cases in which a criminal defendant alleges ineffective assistance of counsel, a court must distinguish between tactical errors made as a result of ignorance and neglect and those arising from careful and professional deliberation:

"Under the reasonably competent assistance standard, 'effective representation is not the same as errorless representation.' * * * Even the most skillful criminal attorneys make errors during a trial. The myriad of decisions which

defendant, but rather defendant had volun-

must be made by defense counsel quickly and in the pressure cooker of the courtroom makes errorless representation improbable, if not impossible. This is particularly so since the determination of whether there have been errors is made by a court far removed from the heat of trial combat and with the time necessary to make a reasoned judgment. Thus, a choice between trial tactics, which appears unwise only in hindsight, does not constitute constitutionally-deficient representation under the reasonably competent assistance standard. To state and prove a claim under this standard, a defendant must allege and demonstrate that his counsel's error clearly 'resulted from neglect or ignorance rather than from informed, professional deliberation.'" *United States v. Bosch*, 584 F.2d 1113, 1121 (1st Cir.1978).

The defendant has not convinced us that decisions made and actions taken by his trial counsel as matters of trial strategy resulted from either neglect or ignorance. Accordingly, we hold that these decisions and actions did not constitute ineffective assistance of counsel.

■ The defendant also cites as an instance of ineffectiveness his trial counsel's statements to the trial justice in an attempt to make an offer of proof. These statements were deemed "improper" by the trial justice and resulted in defense counsel being mildly admonished by the trial justice in the presence of the jury. We have held that "not every admonition made by the trial justice in the presence of the jury to indicate displeasure with counsel is grounds for reversal." *State v. Mercier*, 415 A.2d 465, 468 (R.I.1980). This rationale is most notably applicable in criminal trials in which heated discussions between counsel and the court are a rather frequent occurrence. Further, we will not fault defense counsel with "ineffectiveness" based on his ardent efforts to protect the rights of his client.

teered it upon direct examination.

Finally, defendant claims that his appeal was not competently briefed or argued by his trial counsel. At defendant's trial, defense counsel objected to portions of the state's closing argument and preserved defendant's right to appeal on this ground. Defense counsel also moved to suppress certain evidence during trial, which motion was denied. The defendant urges that his trial counsel's failure to brief and argue these issues on defendant's appeal of his conviction constituted ineffective assistance of counsel.

■ The short answer to this claim is that defense counsel did not handle defendant's appeal—separate appellate counsel was retained. In any event, counsel assigned to prosecute an appeal from a criminal conviction does not have a constitutional duty to raise every nonfrivolous issue requested by defendant. *See Jones v. Barnes,* — U.S. ——, ——, 103 S.Ct. 3308, 3312–14, 77 L.Ed.2d 987, 993–95 (1983). Rather, appellate counsel is afforded wide latitude in the exercise of his professional judgment to brief only those issues upon which he feels he can prevail. *Id.; see also Angell v. State,* 454 A.2d 709, 710 (R.I. 1983).

We agree with the trial justice who heard the defendant's petition for postconviction relief that "the evidence against this defendant was overwhelming and defense counsel did all he reasonably and effectively could to present the defense." The findings of the trial justice will stand undisturbed absent clear error or a showing that material evidence was overlooked or misconceived. The defendant has made no such showing. We conclude that the defendant was not denied his constitutional right to effective counsel.

For the reasons stated, the defendant's appeal from the denial of his application for postconviction relief is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.